# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Bernard L. Mosley #46/665

_____

_____

_____

Plaintiff(s)/Petitioner(s)

v.

U.S. Marshall Xavier Blackburn

Illinois State Police Officer Maurice Austin ID# 6662

Unknown Illinois State Police Officer "John Doe #1"

Unknown Canine Unit Officer "John Doe #2"

Defendant(s)/Respondent(s)

Illinois State Police Officer C. Subick #6233

Case Number: 22-2078-SMY

(Clerk's Office will provide)

☒ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I.   JURISDICTION

### Plaintiff:

A.   Plaintiff's mailing address, register number, and present place of confinement.

Bernard L. Mosley #46/665
St. Clair County Jail
700 N. 5th St.
Belleville, Il. 62220

### Defendant #1:

B.   Defendant **Xavier Blackburn** is employed as

(a)   (Name of First Defendant)

**U.S. Marshall**

(b)   (Position/Title)

with **U.S. Marshal Service**

(c)   (Employer's Name and Address)

**219 South Dearborn Street Chicago, Il. 60604**

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: Defendant Xavier Blackburn was working as a U.S. Marshal under the federal Government's employment

Rev. 10/3/19

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☐Yes ☒No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):



Defendant(s):



2.    Court (if federal court, name of the district; if state court, name of the county):

3.    Docket number:

4.    Name of Judge to whom case was assigned:

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):

Rev. 10/3/19

Defendant #2:

C.    Defendant ___Maurice Austin ID# 6662___ is employed as

(Name of Second Defendant)

___Illinois State Police Officer___

(Position/Title)

with ___Illinois State Police___

(Employer's Name and Address)

_____

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?    ☒ Yes    ☐ No

If you answer is YES, briefly explain: _Defendant Maurice Austin ID#6662_ was working as an ~~[redacted]~~ Illinois State Police Officer under the State of Illinois' employment.

Additional Defendant(s) (if any):

D.    Using the outline set forth above, identify any additional Defendant(s).

Defendant #3:
Defendant ~~[redacted]~~ Unknown Illinois State Police Officer "John Doe #1" is employed as Illinois State Police Officer with the Illinois State Police.

Defendant #4: Unknown Canine Unit Officer "John Doe #2" is employed as a Canine Unit Officer with unknown entity.

Defendant #5: C. Subick #6733 is employed as an Illinois State Police Officer with the Illinois State Police,

Rev. 10/3/19

7.     Approximate date of filing lawsuit:

8.     Approximate date of disposition:

9.     Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

## III.   GRIEVANCE PROCEDURE

NA   A.   Is there a prisoner grievance procedure in the institution? ☐ Yes  ☐ No

B.   Did you present the facts relating to your complaint in the ~~prisoner~~ grievance procedure?       ☒ Yes  ☐ No

C.   If your answer is YES,
    1.   What steps did you take?

*I filed 2 claims on standard form 95 for injury with U.S. Marshal Service located at 219 South Dearborn Street, Chicago, Il. 60604, and 2 claims with State Police at the East St. Louis Police Department*

    2.   What was the result?

*I have received no reply from the U.S. Marshal Service which has stalled my attempts at Administrative Remedy exhaustion, or State Police*

D.   If your answer is NO, explain why not.

E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?      ☐ Yes  ☐ No

F.   If your answer is YES,
    1.   What steps did you take?

Rev. 10/3/19

2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

Please see attached exhibits

Exhibit "A" — Greivance Claim #1  (Pages 1-5)

Exhibit "B" — Greivance Claim #2  (Pages 1-4)

Exhibit "C" — Greivance Claim #3

Exhibit "D" — Tooth Diagram

Exhibit "E" — ISP Investigative Report  (Page 1 of 17)

Exhibit "F" — ISP Investigative Report  (Page 4 of 17)

Exhibit "G" — Video Statement Checklist (Page 6 of 17)

Rev. 10/3/19

## IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

Xavier Blackburn - On 8-4-2020 at 5:30am during a compliant arrest, Officer Blackburn knelt on Plaintiff's back/neck, cutting off his air and began beating wholly compliant Plaintiff in the back of his head with his service weapon. Plaintiff turned his head to facilitate breathing and Officer Blackburn struck him in the mouth with the same service weapon effectively, severely splitting his bottom lip and knocking out his upper right front tooth. Officer Blackburn then stated, "So you think you can kill the Chief-of-Police's son and get away with it you dumb bitch?" When Plaintiff was transported to Memorial Hospital Belleville for injuries suffered by Officer Blackburn and Police dog, Officer Blackburn refused to allow nurse to provide stitches to Plaintiff. Officer Blackburn knew his actions were constitutionally violative when he assaulted Plaintiff without cause and with excessive force with the intention of causing great pain to Plaintiff, and that he was intentionally indifferent to Plaintiff's medical needs with the intention of covering up his criminal assault of Plaintiff when he refused Plaintiff medical treatment when he ordered nurse not to give Plaintiff needed stitches, but to "clean him up!" Xavier Blackburn also knew he was engaging in theft when he took $800 in U.S. currency from plaintiff, but only returned $280 U.S. Dollars

Maurice Austin - On 8-4-2020 at 5:30am during compliant arrest, Officer Austin, who witnessed Plaintiff wholly complying to apprehension request, did not intervene in a timely manner when Plaintiff was attacked by Police Dog for no reason and became the unprovoked subject of Officer Blackburn's retributive assault and battery. Officer Austin knew that the police dog attack and assault by Officer Blackburn were violative of Plaintiff's Civil Rights and exuded intentional deliberate indifference. Officer Austin finally intervened and said, "That's enough, that's enough!" to abate the assaults! Failed to insure plaintiff received proper medical care at Memorial Hospital when Officer Blackburn refused to allow the nurse to give plaintiff stitches and told nurse, "Just clean him up!"

over ⟶

Unknown ISP Officer John Doe 1 - On 8-4-2020 at approximately 5:30 am

Officer "John Doe #1" after failing to intervene in a timely manner in the unprovoked assaults and excessive use of force called for an ambulance due to the severe injuries plaintiff suffered from Officer Blackburn and Police Dog.

Officer John Doe #1 also failed to insure plaintiff received proper medical care at Memorial Hospital Belleville when Officer Blackburn refused to allow nurse to give plaintiff stitches and told nurse "Just Clean him up!" He knew that his actions were deliberately indifferent to Plaintiff's Civil Rights and right to adequate medical.

Unknown Canine Unit Officer "John Doe #2" - On 8-4-2020 @ approximately 5:30am ordered police dog to attack compliant Plaintiff causing dog to bite plaintiff on his left arm causing several lacerations from dogs teeth. Officer "John Doe #2" knew that his actions were deliberately indifferent, Constitutionally violative, and were likely to cause unwarranted injury and pain to plaintiff.

Illinois State Police officer C. Subick #6733 on 8-4-2020 at approximately 5:30am officer C. Subick failed to ensure my safety when I was attacked by Police dog and assaulted by U.S. Marshal Xavier BlackBurn without Provocation! Officer Subick who rode in the ambulance with me to Memorial Hospital in Belleville, failed to intervene in the attack and failed to ensure I received Proper medical care, not attempting to intervene when U.S Marshal Xavier BlackBurn denied me stitches in my lower lip that the Emergency Room nurse said I needed. He knew that his inaction would cause me undue Pain!

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

Replace teeth, Mental Health evaluation for PTSD from assaults, Dental examination to determine any other dental issues, order officers to wear body cams to prevent future incidents, order re-training of all defendants in use of force, order all defendants to not interfere with medical treatment of future defendants, Order Speech Therapy for Plaintiff, order defendants not to coerce future defendants into Making incolp statements as defendants did Plaintiff. Plaintiff additionally requests the following relief:
- 2,500,000 U.S. Dollars in Compensatory Damages
- 500,000 U.S. Dollars in Escrow account for future damages to any other teeth,mouth,facial issues which may be directly effected or identified as a result of the Assault by Xavier Blackburn
- Also, any Punitive Damages that this court may deem just and proper.

## VI.    JURY DEMAND (check one box below)

The plaintiff  ☒  does  ☐  does not request a trial by jury.


## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed on:    8 - 12 - 2022
(date)

Signature of Plaintiff

700 N. 5th Street
Street Address

Belleville, Il. 62220
City, State, Zip

Bernard L. Mosley
Printed Name

# 461665
Prisoner Register Number


Signature of Attorney (if any)

Rev. 10/3/19

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Marshal Service. 219 South Dearborn Street Chicago, IL 60604 | Bernard Mosley #461665 700 N. 5th Street Belleville, IL 62220 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 1/16/1998 | Single | Aug. 4th (2020) | 7:30 AM |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Bernard Mosley
Bernard Mosley @ 700 N. 5th Street - Belleville, IL.    Happen at 2215 N.58 Street Washington Park I

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).    Property improperly Confiscated; $540.00

SEE: Pg #3 (Attached hereto)

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Excessive use of Force / Assault by Arresting Marshal

SEE; Attached pg(s) 1-3

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| MS. Rich [i.e. owner of Residence wherein Claimant was Arrested - mother of Jairus Rich] | unknown (except same is place of Claimant's Arrest on Aug. 4th) 2215 N. 58th Street in Washington Park IL 62205 |

**12. (See instructions on reverse).    AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| $800.00 Confiscated 260.00 returned 540.00 Missing | $24,000.00 | N/A | $24,540.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

*Exhibit "A"*
*Page 2*

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

*N/A*

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No

*N/A*

17. If deductible, state amount.

*N/A*

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

*N/A*

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

*N/A*

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## STATEMENT OF FACT~

Exhibit "A" pg. 2

[Iure: Form 95 - Claim for Damage, Injury or ~

[Preface]

The below cited "FACTS" Supply the predicate basis for Complainant's herein Claimed injury sustained subsequent to his Arrest by U.S. Marshal [Xaiver] — Wherein Complainant Submits as follows:

1) Complainant was awakened @ Approximately. 5:30 AM (Aug. 4th 2020) by Police/U.S. Marshal(s) yelling "Don't move" — An "order" which Complainant readily Complied with.

2) Whereupon, officers promptly searched Complainant & his immediate Area —
Having found a handgun lodged in Complainant's waiste-band; officers then 'ordered' Complainant to: "get up, crawl [slowly] across the bed w/ your hands up":
Again, Complainant promptly & readily Complied.

3) Though wholly Compliant... as Complainant began crawling... [it is at this particular point that he becomes aware of the (Police) dogs presence] the dog jumps up on the bed & initiates a wholly unprovoked Attack upon Complainant's persons — i.e. bitting Complainants' left Arm - mauling same.

4) Causing Complainant to promptly Scream: "get 'em off, get 'em off!" — Whereupon officer Xaiver then comes Around (the bed +) grabs Complainant's 'right' Arm; Pulling Complainant off the bed towards the (bedroom) door.

5) Once Complainant is Actually pulled... into the dinning room [Proper] — Marshal Xaiver then Kneels on Complainant's back/Neck (effectively Cutt'n off his Air) + begans [repeatedly] beating Complainant in the back-of-head w/ A blunt/hard object.

6) It is At this particular point that Complainant (in An Effort to facilitate breathing) turns his head + is then hit in the mouth w/ [what turned out to be] Marshal Xaiver's Service weapon; thereby: Knocking out Complainant's [Upper front] Tooth.

7) Whereupon Marshal Xaiver [simultaneously] Says (ie. whispering in Complainant's ear) "So, you think you can Kill the Chief-of-Police's Son + get Away w/ it — you dumb bitch?" And thus Continues beating Complainant.

*Exhibit A Page 5*

8) IT is AT this point that Complainant over-hears Some other officer Tell Marshal Xaiver: "That's enough, that's enough" —

9) Whereupon Marshal Xaiver promptly stops, Cuffs Complainant & — w/ the other officers Assistance — pull Complainant to his feet, marching Complainant to the front door; sitting him on the Porch As the officers went back in to search the residence wherein Complainant was Arrested.

## <u>Contemporaneously Submitted "Property" / Replevin-based Claim</u>

Complainant submits that subsequent to his herein Complained-of Arrest & Concomitant Search (incident thereto) he is only given (or more specifically Acknowledged As having possessed $260.00 — Though $800.00 was Confiscated.

Accordingly, Complainant Posits (herein) A [Confiscated] "Property" (or Replevin) Claim of $540.00 which Complainant respectfully beseeches that same be forthwith restored to him.

"OFFICIAL SEAL"
DELANCEY H. MOORE II
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JAN. 17, 2024

OFFICIAL SEAL
DELANCEY H. MOORE II
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMM. EXP. JAN. 17, 2024

Exhibit "B" Page 1

U.S. Marshal Service
219 South Dearborn Street
Chicago, IL 60604

Dear Marshal Service,
    My name is Bernard Mosley. Please find enclosed my updated claim against U.S. Marshals Task Force Officer Xavier Blackburn.
I have not received any response from your office for my previous complaint. Thus, I am sending the updated claim to you via Certified Mail.
Please see all relevant attachments.
I look forward to your prompt reply.

                                Respectfully submitted,
                                *Bernard Mosley*
                                Bernard Mosley
                                St. Clair County Jail
8-3-2022                        700 N. 5th St.
                                Belleville, Il. 62220

**"OFFICIAL SEAL"**
**DAVID NICHOLS**
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES MAY 14, 2026

8-12-2020

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Marshal Service 219 South Dearborn Street Chicago, IL 60604 | Bernard Mosley #461665 700 N. 5th Street Belleville, IL 62220 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 1/16/1998 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Aug. 4th (2020) | 7. TIME (A.M. OR P.M.) Approximately 7:30AM |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Bernard Mosley
Bernard Mosley @ 700 N. 5th Street - Belleville, IL.    Happen at 2215 N. 58 Street Washington Park IL

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).    Property improperly confiscated; $540.00

SEE: pg #3 (Attached hereto)

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Excessive use of Force/Assault by Arresting Marshal

SEE: Attached pg(s) 1-3, by U.S. Marshals Task Force Officer Xavier Blackburn

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| MS. Rich [i.e. owner of Residence wherein Claimant was arrested - mother of Jairus Rich] | Unknown (except same is place of Claimant's arrest on Aug. 4th) 2215 N. 58th Street in Washington Park IL. 62205 |

**12. (See Instructions on reverse).    AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE $800.00 confiscated 260.00 returned 540.00 missing | 12b. PERSONAL INJURY $24,000.00 | 12c. WRONGFUL DEATH N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). $24,540.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). Bernard Mosley | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE 9-3-2022 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

95-109



## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

*N/A*

**16. Have you filed a claim with your Insurance carrier in this Instance, and if so, is it full coverage or deductible?** ☐ Yes ☐ No   **17. If deductible, state amount.**

*N/A*          *N/A*

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

*N/A*

**19. Do you carry public liability and property damage Insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

*N/A*

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the Incident Involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim Invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is Involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government Is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the Information requested in the letter to which this Notice is attached.
- A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95 REV. (2/2007) BACK**

Exhibit "B" Page 1

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee  $ 4.00

Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)  $ 3.25
☐ Return Receipt (electronic)  $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required  $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postage  $ 1.68

Total Postage and Fees  $ 8.93

Sent To U.S. Marshal Service
Street and Apt. No., or PO Box No. 219 5. Dearborn St.
City, State, ZIP+4® Chicago, Fl 60604

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7018 3090 0000 2000 5985

Exhibit "C"

Official Complaint/Grievance
Illinois State Police
East St. Louis Police Department
301 River Park Dr.
East St. Louis, Il. 62201

Dear Complaint/Grievance Officer,
    My name is Bernard L. Mosley and I remain in custody in St. Clair County Jail in Belleville, Illinois subsequent to my joint arrest on 8-4-2020 by U.S. Marshal Xavier Blackburn, Illinois State Police Officer Maurice Austin ID #6662, Unknown Illinois State Police Officer, and Unknown Canine Unit Officer.
During my passive surrendering, your officers allowed the dog to attack me for no reason biting my left arm, causing several puncture wounds. These same officers stood by and watched U.S. Marshal Xavier Blackburn, kneel on my back to the point of cutting off my airflow, while at the same time repeatedly beating me in the back of the head with his service weapon causing lumps to form and swelling. When I turned to breath, U.S. Marshal Xavier Blackburn hit me in the mouth with great force with his service weapon knocking out my main upper front right tooth and severely split my lower lip. At this point ISP Officer Maurice Austin ID #6662 intervened after watching me being beaten by Xavier Blackburn as I was defenseless and shouted, "That's enough, that's enough!"
At this point one of the Illinois State Police Officers called for an ambulance due to my severe injuries I suffered from Officer Xavier Blackburn's unprovoked assault, and excessive use of force!
I was transported to Memorial Hospital Emergency Room in Belleville, Illinois by ambulance with Illinois State Police Officer C. Subick #6733 as a chaperone.
When I arrived at Memorial Hospital the Emergency Room Nurse informed officers that my lip required stitches.
U.S. Marshal intervened and told the Nurse, "No, don't stitch him, just clean him up! Several officers to include Illinois State Police Officer C. Subick #6733 were present and all failed to intervene to insure that I obtained proper medical care!

I was taken to East St. Louis Police Station and I was interviewed by Illinois State Police Officer Maurice Austin #6662 and another officer.

I was given several bathroom breaks and a trash can to spit out blood that puddled frequently from my split lip.

I wrote to your office before in November 2020 when I was in K-Block but noone ever replied.

What is the status of my Grievance? This is my 2nd time writing to your office about the same thing.

I would appreciate your prompt reply!

X Bernard Mosley
Bernard L. Mosley   I-Block
St. Clair County Jail
700 N. 5th Street
Belleville, Il. 62220

8-4-2022

#8 Tooth Knocked completely out by U.S Marshals Great Lakes Task force Marshal Xavier Blackburn's Unneccessary and excessive use of force on 8-4-2020!

Upper right

Upper left

6 7 8 9 10 11
5 12
4 13
3 14
2 15
1 16

YOUR TEETH

32 17
31 18
30 19
29 20
28 21
27 26 25 24 23 22

Lower right

Lower left

Detainee Name ___Bernard L. Mosley___

ID# ___461665___

DOB _____

Intake Date _____

Exhibit "D"

20-39765801265

AUSTIN, MAURICE

D   6662

Page   1   Of 17

## ILLINOIS STATE POLICE
## INVESTIGATIVE REPORT

| Case Number | Case Title | | | | Report Type | | |
|---|---|---|---|---|---|---|---|
| 20-39765801265 | WILLIAM PORTER JR | | | | ☑ Individual | ☐ Location | ☐ Vehicle |

| Report Purpose | | | | Report Date | Activity Date |
|---|---|---|---|---|---|
| INTERVIEW OF BERNARD MOSLEY JR | | | | 08/19/2020 | 08/04/2020 |

| Lead Number | Drug Buys | ArrestWarrants | Search Warrants | Overhear Admin | Overhear Warrant |
|---|---|---|---|---|---|
| | | | | | |

| Reporting Agent | | D Number | Zone/Office |
|---|---|---|---|
| AUSTIN, MAURICE | | 6662 | ISPZ6CL |

| Case Agent | | Case Agent ID Number | Case Agent Zone/Office |
|---|---|---|---|
| RILEY, JARRAN | | 6166 | ISPZ6CL |

## NARRATIVE

The purpose of this report is to document the interview of

Bernard L. Mosley Jr aka "Beano"
M/B DOB: 01/16/1998
2712 McCasland Avenue
East St. Louis, Illinois 62207
Telephone # (618) 722-3003
(618) 641- 7514 & (618) 802-2523

In reference to the homicide investigation of William Porter II. Mosley had an active parole violation warrant and subsequently was taken into custody on 08/04/20 by the United States Marshal Service- Great Lakes Task Force at 2215 N. 58th Street in Washington Park, Illinois. Mosley was treated at Memorial Hospital in Belleville for injuries sustained during his apprehension. Once released from Memorial Hospital, Mosley was transported to the East St. Louis Police Department to meet for an interview. I, S/A M. Austin #6662, along with S/A C. Subick #6733, spoke with Mosley at the East St. Louis Police Department. I explained to Mosley that the interview would be both video and audio recorded. I completed the video statement checklist with Mosley. I advised Mosley of his Miranda Waiver which he signed and stated he understood. I began the interview with Mosley around 10:55 AM. The following is a summary of the interview with Mosley.

- Mosley said his cousin Terry Morgan, aka Lil Head, was just recently killed.
- Mosley said he has known Morgan since they were children and was a close childhood friend.
- Mosley said he and Morgan were both incarcerated in prison at Big Muddy River.
- Mosley said he was out of town when he heard Morgan was shot 5 times.
- Mosley said he learned of the news from a phone call, but later went on Facebook and noticed people were making rest in peace comments about Morgan.
- Mosley said he received a phone call from Zachary (Zach) unknown last name, telling him about Morgan.
- Mosely said the incident occurred at north 41st near Washington Park or East St. Louis.
- Mosley said he heard there was money on his head and money on Morgan's head, so he fled the area.
- Mosley said he believed there was a price on his head and Morgan's head due to something that happened.
- Mosley said Morgan was staying at Tank's apartment due to Morgan's mother having the corona

| Approved By | |
|---|---|
| Riley, Jarran   #6166 | |

Disclaimer: This document contains nei her recommendations nor conclusions of the Illinois State Police. It and its contents are not to be disseminated outside of your agency.

Exhibit "F"

20-39765801285
AUSTIN, MAURICE
D 6662
Page   4 Of 17

- Mosley said he only went to the store across the street from the tire shop on Bond Avenue (1032 Bond Avenue).
- Mosley made the statement that he did not rob anybody at the store without being asked about any robberies.
- Mosley said he did not go inside of the confectionary located at 1332 Bond Avenue and stated that he went inside of 1032 Bond Avenue.
- Mosley said as he was inside of 1032 Bond Avenue, he was wearing a pink, white and grey hooded sweatshirt.
- Mosley said as he was inside of 1032 Bond Avenue, he observed State Police officers enter the store to review video camera footage.
- Mosley said he got his food from the store and left.
- Mosley denied knowing what PJ's or PJizzle's (G&P Confectionary) store was and denied ever being there.
- Mosley made the comment that he knew what investigators were trying to do.
- Mosley explains that if Morgan did shoot or kill someone and he (Mosley) was at the store, then they have enough to charge him too.
- Mosley stated that he knows that his gun, the Ruger LCP .380, was not fired at any store and was not used to rob or shoot anyone.
- Mosley said the only time his gun was fired was in Washington Park when he test-fired the weapon.
- Mosley denied allowing Morgan to use Mosley's gun or to shoot his gun.
- Mosley said from the time he was released from jail on April 30, 2020 until present he knows that his gun was not used in any murders.
- Mosley said he took the chance of carrying a gun while on parole because he wanted to protect himself.
- Mosley implied that if Morgan committed a crime with a gun, he believes the gun Morgan used was the stolen revolver from Tank's apartment.
- Mosley said he was apprehensive to turn himself in due to the connections that the son of the chief of police had and the alleged bounty of Morgan and Mosley.
- Mosley said Tank's mother called her gun in stolen after the gun was used in a crime.
- Mosley said Tank allowed Morgan to hold his mother's gun and record videos.
- Mosley said that he only heard about a revolver being used in a crime.
- Mosley again denied being at the store or committing any crimes while at the store.
- Mosley requested an attorney and the interview was ended.

The interview was terminated upon Mosley's request for an attorney at 1:48 PM. Please refer to the disc containing the video and audio interview for further detail. Mosley was given restroom breaks, water and was medical supplies for the injuries he sustained during his apprehension made by the US Marshals Great Lakes Task Force. Mosley had on red and white Nike Air Max 270 shoes during his arrest and interview. These shoes were consistent with the shoes observed from video surveillance footage retrieved from 07/09/20 in which Mosley is identified. I collected Mosley's shoes at the conclusion of the interview. I also collected Mosley's two cell phones, an iPhone and an LG smartphone that were in his property when he was taken into custody. I maintained possession of the two cell phones for search warrant application.

Mosley was shown still photographs of a video surveillance camera mounted inside of 1332 Bond Avenue. Mosley was shown a photograph of 1332 Bond Avenue and the surrounding areas from a google maps

Approved By
Riley, Jarran  #6166

Disclaimer: This document contains nei her recommendations nor conclusions of the Illinois.
State Police. It and its contents are not to be disseminated outside of your agency.

*Exhibit "G"*

20-39765801285

AUSTIN, MAURICE

D  6662

Page  6  Of  17

## Video Statement Check-list

Case No: 20-39765801265

Name: Bernard L. Mosley JR.    AKA: Beano    Date: 8/4/20

Address: 2712 McCasland Ave

Start Time: 10:55  ☒A.M. ☐P.M.

City: E. St. Louis    State: IL  Zip Code:

End Time: 1:48  ☐A.M. ☒P.M.

Phone: 618·722·3003    DOB: 1/16/98

**I.    Pre-video Preparation**
☒ Check Equipment to Ensure Functioning Properly
☒ Check Equipment & Location for Audio & Visual Clarity
☒ Use new DVD/Video Tape

**II.    Introduction & Preliminary Issues**
☒ State Time & Location of Interview
☒ Introduce All Individuals Present
☐ Miranda Rights: Confirmation of Prior Admonishments & Comprehension
☐ Confirm Prior Questioning / Written Statement, if any (Time, Location & Duration)
☐ Confirm Consent to Video Tape Statement
☐ Miranda Rights: Re-admonish on DVD

**III.    Suspect Background & Comprehension Information**
☐ Age & D.O.B.
☐ Address: Where, How Long & With Whom
☐ Educational Background: Level of Completion & Schools
☐ Confirm Ability to Read, Write & Understand English Language
☐ Employment / Military History / SSI / Driver's License
☐ Confirm Not Under the Influence of Alcohol / Drugs / Medication
☐ History of Mental Illness / Treatment
☒ Any Special Needs, for the purposes of this interview such as:  Glasses, Contacts, Hearing aids, or Medication

**IV.    Custodial Treatment**
☐ Review Suspects Time in custody to this point
☐ Discuss Any Injuries Suffered by Suspect (pre-existing, Apprehensions, Self-Inflicted)
☐ Confirm No Physical Abuse / Coercion
☐ Confirm No Threats or Promises of Leniency
☒ Confirm Biological Needs Met (Food, Drink, Sleep, Bathroom)

**V.    Statement**
☐ Begin Questioning / Review by Reading Written Statement
☐ Confirm Any Consents given by Suspect (Searches, Blood, Etc.)
☐ Have Suspect Identify Important Evidence
☐ Obtain Reverse Identification through Photographs
☐ Suspect Demonstration / Reenactment
☐ Suspect Opportunity for an Additions / Corrections
☐ Confirm Continuous Running of Tape & State Closing Time of Statement

**VI.    Final Preparations**
☐ Finalize DVD Recording of Interview
☐ Review Video DVD for Audio / Visual Clarity
☐ Make Copies & Secure Original as Evidence

S/A M. A. #6662
Special Agent's

Approved By
Riley, Jarran  #6166

Disclaimer: This document contains nei her recommendations nor conclusions of the Illinois
State Police.  It and its contents are not to be disseminated outside of your agency.

Defendant, U.S. Marshall Xavier Blackburn, in this case, continues to participate in constitutionally violative behavior as he was alleged to have in the following cases:

1) Christopher Roy Koch #73458                    Case No: 19-cv-01362-JPG
                        V.                         June 26, 2020
    St. Clair County Sheriff Dept., Xavier Black Burn
Whereas Xavier Black Burn and other officers covered false testimony, entered home without consent, without a warrant, with guns drawn, and searched home.
When a Judge later found the search of Plantiff's home unconstitutional, all charges stemming from it were dismissed.

2) Jack L. Firkins                                Case No: 17-cv-0205-JPG
                    V.                             March 20, 2017
William Weier, Fairview Heights Police Department, Xavier Black Burn
Whereas Xavier Black Burn watched surrendering Plantiff with hands up be beaten, punched in the head, and continually tased by another officer and failed to intervene. Injuries required treatment at Memorial Hospital in Belleville, Illinois

3) Jeremy Corrotello, et al,
Whereas Xavier Black Burn and other officers tased, physically battered, handcuffed and arrested Plantiff without probable cause and without advising her of the charge against her. She was subsequently charged with resisting a police officer and obstruction of a peace officer, falsely. These false charges were ultimately dismissed.

                                  X _Bernard Mosley_

                                    Bernard L. Mosley
                                    St. Clair County Jail
                                    700 N. 5th Street
Dated: 8-12-2022                    Belleville, IL. 62220

Bernard L. Mosley    # 461665
St. Clair County Jail
700 N. 5th St,
Belleville, Il. 62220



Clerk of Court
United States District Court
Southern District of Illinois
750 Missouri Ave.

East St. Louis, Il. 62202

MAIL CLEARED
US MARSHALS

INMATE CORRESPONDENCE
ST. CLAIR COUNTY JAIL

RECEIVED

SEP - 6 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE