IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD L. MOSLEY, #461665** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-02078-SMY |
| | ) |
| **XAVIER BLACKBURN,** | ) |
| **MAURICE AUSTIN,** | ) |
| **JOHN DOE #1,** | ) |
| **JOHN DOE #2, and** | ) |
| **C. SUBICK,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bernard L. Mosley, a pretrial detainee currently incarcerated in the St. Clair County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was arrested on a parole violation warrant on August 4, 2020 by U.S. Marshal Xavier Blackburn and four Illinois State Police officers. During the arrest, Blackburn knelt on Plaintiff's back and neck, restricting his ability to breathe, and beat him on the back of his head and in his face with his service weapon. ISP officers Maurice Austin, C. Subick, and John Does #1 and #2 were present while Blackburn committed the assault and did not intervene. Additionally, John Doe #2 ordered

a police canine to attack Plaintiff. Eventually, Austin intervened and said "that's enough."

Plaintiff was taken to Memorial Hospital to receive medical care. Blackburn ordered a nurse not to give Plaintiff needed stitches and to just "clean him up." Officers Austin, Subick, and John Does #1 and #2 were present while Plaintiff was denied necessary medical care and did not intervene. Blackburn also stole $520 from Plaintiff. Plaintiff seeks injunctive relief and monetary damages.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: Fourth or Fourteenth Amendment claim against Defendants Blackburn, Austin, Subick, John Doe #1, and John Doe #2 for use of excessive force and/or failing to intervene to stop use of excessive force against Plaintiff on August 4, 2020.
>
> Count 2: Fourth or Fourteenth Amendment claim against Defendants Blackburn, Austin, Subick, John Doe #1, and John Doe #2 for denying Plaintiff medical care and/or failing to intervene in the denial of medical care on August 4, 2020.
>
> Count 3: Property deprivation claim against Defendant Blackburn for stealing and/or confiscating $520 from Plaintiff.

## Discussion

The allegations in the Complaint are sufficient to proceed on the claims in Counts 1 and 2 against Defendants Blackburn, Austin, Subick and John Does #1 and #2. *See Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 843 (7th Cir. 2004).[2]

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

[2] Whether the claims are properly brought under the Fourth or Fourteenth Amendment depends on Plaintiff's status at the time of the alleged constitutional violation as an arrestee or pre-trial detainee. Further, it remains to be seen whether the claims, as they pertain to Blackburn (a federal agent), should proceed under § 1983 (applicable to state actors) or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (applicable to federal actors). These issues need not be determined at the screening stage.

The property deprivation claim in Count 3 will be dismissed with prejudice because Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); 705 Ill. Comp. Stat. 505/8 (1995); *see also Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (where the state provides an adequate remedy, Plaintiff has no civil rights claim).

## Disposition

Following preliminary review of the Complaint under 28 U.S.C. § 1915A the claims in Counts 1 and 2 will proceed against Defendants Blackburn, Austin, Subick and John Does #1 and #2 and the claim in Count 3 is **DISMISSED** with prejudice.

The Clerk of Court shall prepare for Xavier Blackburn, Maurice Austin, C. Subick, and once identified, John Does #1 and #2: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified the Doe Defendants by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals. Once the named Defendants have filed their Answers, the Court will issue a Scheduling Order setting forth the guidelines for identifying the Doe Defendants.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  October 18, 2022**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **U.S.  District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**