IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD L. MOSLEY, #461665,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02078-SMY |
| | ) |
| **XAVIER BLACKBURN,** | ) |
| **MAURICE AUSTIN,** | ) |
| **C. SUBICK,** | ) |
| **JOHN DOE 1,** | ) |
| and **JOHN DOE 2,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court for consideration of a motion to dismiss for failure to state a claim filed by Defendant Xavier Blackburn (Doc. 23), motion to dismiss filed by Defendants Maurice Austin and C. Subick (Doc. 29), and motion to deny motions to dismiss filed by Plaintiff Bernard Mosley (Doc. 33). For the following reasons, the motions to dismiss are **GRANTED**.

## BACKGROUND

Plaintiff Bernard Mosley filed the underlying Complaint against United States Marshal Xavier Blackburn and Illinois State Police Officers Maurice Austin, C. Subick, John Doe 1, and John Doe 2,[1] pursuant to 42 U.S.C. § 1983 (Doc. 1). He claims the defendants used excessive force during his arrest on August 4, 2020, and denied him medical care for the resulting injuries. More specifically, he alleges that during the arrest, Blackburn knelt on his back and neck,

---

[1] John Doe 2 is identified as a canine unit officer employed by an unknown agency.

1

restricting his ability to breathe while beating him in the face and head with a service weapon, that Officer John Doe 2 ordered a police canine to attack him as the other officers watched, and that Officer Austin waited too long before saying, "That's enough." *Id*. Plaintiff further alleges that he was transported to Memorial Hospital for treatment of his injuries, but Blackburn instructed a nurse to "clean him up" without providing necessary stitches, and that the other four officers were present and again failed to intervene.

Following screening of this matter pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with the following claims against all four defendants:

> **Count 1:** Fourth or Fourteenth Amendment[2] claim against Defendants Blackburn, Subick, Doe 1, and Doe 2 for using excessive force against Plaintiff on August 4, 2020; and
>
> **Count 2:** Fourth or Fourteenth Amendment[3] claim against Defendants Blackburn, Subick, Doe 1, and Doe 2 for denying Plaintiff medical care and/or failing to intervene in the denial of medical care on August 4, 2020.

(*See* Doc. 13).

## MOTIONS TO DISMISS

Because Plaintiff commenced this action more than two years after the incidents giving rise to his claims, Defendants Blackburn, Austin, and Subick argue that his claims are barred by the statute of limitations applicable to claims under *Bivens* and/or § 1983 and are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docs. 23, 29). Plaintiff filed a single

---

[2] At screening, the Court acknowledged that the applicable legal standard for both claims depends on Plaintiff's status as an arrestee, detainee, or prisoner and each defendant's status as a state or federal actor when the claims arose. Because Plaintiff brought suit under 42 U.S.C. § 1983, the Court indicated that the claims would be governed by the Fourth Amendment if he was an arrestee or the Fourteenth Amendment if he was a pretrial detainee. But, the Court added that "it remains to be seen whether the claims, [at least] as they pertain to Blackburn (a federal agent), should proceed under § 1983 (applicable to state actors) or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (applicable to federal actors)." (*Id*. at 2, n.2).
[3] *Id*.

response in opposition to both motions. (Docs. 32, 33).[4] He admits that he signed the Complaint on August 12, 2022, more than two years after he was allegedly subjected to excessive force and denied medical care on August 4, 2020, but maintains that the statute of limitations was tolled while he exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA).

Plaintiff filed formal written complaints against Defendants Austin, Subick, Doe 1, and Doe 2 in November 2020 and August 4, 2022, and filed similar complaints against Defendant Blackburn in February 2021 and August 4, 2022. As of March 23, 2023, the complaints had not been answered. Plaintiff argues Defendants' intentional refusal to respond to his complaints tolled the applicable statute of limitations with respect to his claims, making them timely.

## **DISCUSSION**

To survive dismissal under Rule 12(b)(6), the Complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

---

[4] With the exception of the heading on each document, Docs. 32 and 33 are identical.

**Statute of Limitations**

All three named defendants – Blackburn, Austin, and Subick – argue that Counts 1 and 2 are time-barred and subject to dismissal. Although Rule 12(b)(6) is generally not used to dismiss a claim on statute of limitations grounds, doing so is appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Flynn v. Donnelly*, 793 F. Appx. 431, 434 (7th Cir. 2019).

With respect to *Bivens* claims against federal officers and § 1983 claims against state officers, the Court borrows the statute of limitations applicable to personal injury actions from the state where the alleged injury occurred. *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017); *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019). Here, Plaintiff's alleged injuries occurred in Illinois.[5] Thus, a 2-year statute of limitation applies to his claims. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d at 721-22; *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998).

Plaintiff's claims against all five defendants (including John Doe 1 and John Doe 2) arise from incidents that occurred on August 4, 2020, before he was taken into custody. He alleges that during his arrest, he was assaulted by U.S. Marshal Blackburn, while Officers Austin, Subick, Doe 1, and Doe 2 watched. That same day, Blackburn allegedly instructed a hospital nurse to "clean up" the plaintiff without providing stitches for his injuries while the other three officers watched. Thus, under Illinois law, Plaintiff had until August 4, 2022 to file suit, but did not sign the Complaint until August 12, 2022, and did not file it until September 6, 2022. (Docs. 1, 23, and 33). Nevertheless, Plaintiff maintains that the statute of limitations was tolled by his filing of

---

[5] Plaintiff states that he was subjected to excessive force in Washington Park, Illinois, and denied medical care for his injuries at Memorial Hospital located in Belleville, Illinois. (*See* Doc. 1, pp. 6-7. 9, 18).

several grievances or complaints against the officers while he attempted to exhaust administrative remedies before bringing suit.

Under Illinois law, the limitations period pauses while an inmate exhausts administrative remedies pursuant to the PLRA. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001). However, the PLRA's exhaustion requirement only extends to claims "brought with respect to *prison conditions* . . . by a *prisoner* confined in any jail, prison, or other correctional facility. . . ." 42 U.S.C. § 1997e(a) (emphasis added). Plaintiff's claims arose *during his arrest* and do not involve conditions of his confinement in a jail, prison, or other correctional center. As such, the PLRA did not require Plaintiff to exhaust his administrative remedies, and the statute of limitations was not tolled while he pursued his complaints against the defendants and related grievances.

Likewise, equitable tolling does not save Plaintiff's claims. Equitable tolling may apply if a defendant actively misleads a plaintiff about a cause of action, an extraordinary circumstance prevents the plaintiff from asserting his rights in a timely manner, or a plaintiff asserts his rights in the wrong forum. *See Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016); *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (tolling analysis is governed by state law); *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). This case does not present extraordinary circumstances rendering the timely filing of suit impossible.

Plaintiff clearly filed suit against the defendants beyond the applicable limitations period. Consequently, Counts 1 and 2 will be dismissed as time-barred. In light of this ruling, the Court will not address whether the claims asserted in Counts 1 and 2 against Defendant Blackburn are foreclosed by *Egbert v. Boule*.

## DISPOSITION

Defendant Xavier Blackburn's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 23) is **GRANTED**; Defendants Maurice Austin and C. Subick's Motion to Dismiss (Doc. 29) is **GRANTED**; Plaintiff Bernard Mosley's Motion to Deny Motions to Dismiss (Doc. 33) is **DENIED**. Counts 1 and 2 are **DISMISSED with prejudice against ALL DEFENDANTS.** As no claims remain, the Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

Plaintiff is **ADVISED** that this dismissal does not count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *Hatch v. Briley*, 230 Fed. Appx. 598, 599 (7th Cir. 2007). His obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed within twenty-eight days after entry of the judgment, and this deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: 9/20/2023**  s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**